UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dr. Jeronna Hansberry, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| Board of Education of the City of Chicago, | ) |
| North Lawndale College Prep, and ASPIRA | ) |
| Charter School Network, | ) |
| | ) |
| Defendants. | |

## COMPLAINT

Plaintiff Dr. Jeronna Hansberry, by and through her attorneys, O'Connor | O'Connor, P.C., states as follows as her Complaint against Defendant Board of Education of the City of Chicago ("the Board"), North Lawndale College Prep ("North Lawndale"), and ASPIRA Charter School Network ("ASPIRA").

### Nature of Action

1. Plaintiff brings this Action seeking redress for Defendants' violations of her rights under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. in furnishing, using, procuring, and/or causing to be procured consumer reports for employment purposes.

2. Specifically, Defendants violated Section1681b(b) of the FCRA by furnishing, using, procuring, and/or causing to be procured consumer reports for employment purposes by failing to make proper disclosures required under the FCRA and/or by failing to make and/or obtain the required certifications required under FCRA.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claim alleged herein occurred within the Northern District of Illinois.

**Factual Allegations**

5. Dr. Jeronna Hansberry ("Plaintiff") is a resident of Chicago and is a "consumer" protected by the FCRA.

6. In 2017, Defendant Board entered into an agreement with the Charter Schools in Chicago. Pursuant to the agreement, Defendant Board conducts background checks on the Charter School's prospective and existing employees, agents, and shares the result of those background with the Charter Schools.

7. Specifically, the Board conduct criminal history records checks on all the Charter School's prospective and existing employees and indicted report of child abuse or neglect in the Illinois Department of Children and Family Services. The Board also checks whether the prospective or current employee of the Charter School has a "Do Not Hire" records with the Board.

8. Once Defendant Board received background check records on prospective or current employees of the Charter School from third parties, it shares the reports with the Charter Schools.

9. As a part of the background check, prospective and existing employees of the Charter School are required to sign a Release and Consent to Conduct and Disclose Background Investigation and Personnel Information ("Authorization Form").

10. Defendant Board of Education of the City of Chicago is a "consumer reporting agency" under the FCRA because it is a governmental subdivision or agency that regularly engage in whole or part in the practice of assembling or evaluating information on consumers for the purpose of furnishing consumer reports to Charter Schools in Chicago at least since 2018.

11. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's …character, general reputation, personal characteristics, mode of living which is used or expected to be used for …(B) employment purposes. 15 U.S.C. § 1681a(d)(1)(B).

12. Defendants North Lawndale and ASPIRA are Charter Schools located in Chicago and routinely procure or cause to procure "consumer report" from Board of Education of the City of Chicago about their employees or prospective employees for employment purposes.

13. North Lawndale and ASPIRA requires its prospective and/or current employees to sign a Release and Consent to Conduct and Disclose Background Investigation and Personnel Information ("Authorization Form") as a precondition of their employment. The Authorization Form would allow the Board to conduct a Background investigation which includes criminal records and Department of Children and Family Services records checks.

14. The Authorization Form also includes a "Release of Claims Against the Charter School and the Board" which requires a prospective employee to release the Charter School and the Board from any and all claims that may arise as a result of the Board's release and disclosure of the result of the employee's Background Investigation and Personnel Information to the Charter School.

15. However, the Authorization Form does not include any disclosure required under the FCRA.

16. Plaintiff applied for North Lawndale in 2020 and ASPIRA in 2021.

17. After a conditional offer of employment from North Lawndale and ASRIRA, Plaintiff was required to sign the Authorization Form.

18. Plaintiff signed the Authorization Form to release her background check information to North Lawndale in 2020 and the one to release her background check information to ASPIRA in 2021.

19. Defendant Board conducted background checks on Plaintiff, gathered information on her from third parties, and provided reports to Defendants North Lawndale and ASPIRA.

20. After receiving her report, North Lawndale terminated Plaintiff's employment.

**Count I**
**Violation of the Fair Credit Reporting Act, 15 U.S.C. Section 1681b(b)(2)**
**Against Defendants North Lawndale and ASPIRA**

21. Plaintiff hereby repeats, re-alleges, and incorporates all of the preceding paragraphs.

22. 15 U.S.C. Section 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

    (b) Conditions for furnishing and using consumer reports for employment purposes …

    (2) Disclosure to consumer

     (A) In general

     Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

    (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists

        solely of the disclosure, that a consumer report may be obtained for employment purposes; and

        (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. . . . 15 U.S.C. Section 1681b(b).

23. This is commonly known as the "stand-alone disclosure" requirement under the FCRA.

24. The Authorization Form provided to Plaintiff by Defendants North Lawndale and ASPIRA does not include the required disclosure language and failed to inform Plaintiff of the fact that a consumer report may be obtained for employment purposes.

25. Defendants North Lawndale and ASPIRA receive the Authorization Form from Defendant Board and have approved and used the Form for the purpose of background check on their prospective and current employees.

26. At the time Defendants North Lawndale and ASPIRA reviewed and approved the Authorization Form, they knew or recklessly failed to know that the law required the Form to include the stand alone disclosure.

27. Defendants North Lawndale and ASPIRA acted willfully and in deliberate or reckless disregard of their obligations and the rights of Plaintiff to receive the stand alone disclosure under the FCRA.

28. Defendants North Lawndale and ASPIRA procured or caused to be procured consumer reports regarding Plaintiff from Defendant Board.

29. Defendants North Lawndale and ASPIRA violated Section 1681b(b)(2) by procuring or causing to be procure consumer reports for employment purposes regarding Plaintiff without making the required disclosure.

30. Further, Defendant North Lawndale terminated Plaintiff without giving her a notice of an adverse action and a summary of her rights required under FCRA.

31. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

32. Plaintiff is also entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and costs and attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**, Plaintiff, Dr. Jeronna Hansberry, prays for relief as follows:

a. Declaring that Defendants committed violations of the FCRA;

b. Declaring that Defendants acted willfully, in deliberate or reckless disregard of Plaintiff's

c. Awarding Plaintiff's lost wages against Defendant North Lawndale;

d. Awarding statutory and punitive damages as provided by the FCRA;

e. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

f. Grating other and further relief in law or equity, as this Court may deem appropriate and just.

### COUNT II
### Violation of the Fair Credit Reporting Act, 15 U.S.C. Section 1681b(b)(1)
### Against Defendant Board

33. Plaintiff hereby repeats, re-alleges, and incorporates all of the preceding paragraphs.

34. 15 U.S.C. Section 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

    (b) Conditions for furnishing and using consumer reports for employment purposes

      (1) Certification from user

        A consumer reporting agency may furnish a consumer report for employment purposes only if—

        (A) the person who obtains such report from the agency certifies to the agency that—

  (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and

  (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

 (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) [1] of this title.

35. Defendant Board violated § 1681b(b)(1) by furnishing consumer reports regarding Plaintiff for employment purposes to Defendants North Lawndale and ASPIRA without first obtaining a certification by them that they have complied with paragraph (2) of Section 1681b(b) with respect to the consumer report, and the they will comply with paragraph (3) with respect to the consumer report if paragraph (3) of Section 1681b(b) becomes applicable."

36. Defendant Board also failed provide a summary of the consumer's rights with its reports.

37. Defendants knew or should have known about their legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable.

38. By failing to obtain the required specific certification from Defendants North Lawndale and ASPIRA before providing the specific consumer report that was the subject of the certification, Defendant Board violated the express requirement of Section 1681(b)(1).

39. Defendant Board knew or should have known about their legal obligations under the FCRA.

40. Despite knowing of these legal obligations, Defendant intentionally or recklessly acted consciously in breaching its known duties and depriving Plaintiff her rights under the FCRA.

41. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A).

42. Plaintiff is also entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and costs and attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**, Plaintiff, Dr. Jeronna Hansberry, prays for relief as follows:

g. Declaring that Defendant committed violations of the FCRA;

h. Declaring that Defendants acted willfully, in deliberate or reckless disregard of Plaintiff's

i. Awarding statutory and punitive damages as provided by the FCRA;

j. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

k. Grating other and further relief in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

    Respectfully Submitted,
    Dr. Jeronna Hansberry

    By: s/ Heewon O'Connor
        One of her attorneys

Heewon O'Connor
O'Connor | O'Connor, P.C.
110 E. Schiller St. Ste 212
Elmhurst, IL 60189
Lombard, IL 60148
Tel. 630-903-6397
Fax. 630-658-0336